### In re BLYN'S ESTATE.

(Surrogate's Court, New York County.   Jan. 28, 1915.)

TAXATION ⊜887—TRANSFER TAX—REMAINDER INTERESTS.

 Under a will giving the life tenant a power to use the principal of the fund, its exercise by the executors to the exhaustion of the principal

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

would leave nothing that could be transferred to the remaindermen at the death of the life tenant, so that the taxation of the remainder interests was properly suspended.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. 887.]

Proceeding to assess inheritance taxes on the estate of Marianna Blyn, deceased. From the appraiser's report, and the order entered thereon, the State Comptroller appeals. Appeal dismissed, and order fixing tax affirmed.

Jonas, Lazansky & Neuburger, of New York City, for executor. Ed. F. Boyle, of New York City, for state comptroller.

COHALAN, S. This is an appeal by the state comptroller from the appraiser's report and the order entered thereon, upon the ground that the taxation of certain remainder interests passing under the will of decedent was improperly suspended.

The executors contend that there was not improper suspension of taxation, inasmuch as the life tenant is given a power to use the principal of the fund. This power is found in the will of decedent. If it should be exercised by the executors to its fullest extent, i. e., to the exhaustion of the principal, there would be nothing that could be transferred to the remaindermen at the death of the life tenant. In the Matter of Granfield, 79 Misc. Rep. 374, 381, 140 N. Y. Supp. 922, 927, a case very similar to the one under discussion, the court said:

"To tax the estate at the present time, in the event nothing should ultimately pass to the remaindermen, would be imposing a tax upon the property and not upon the transfer, in direct conflict with the whole theory of the transfer tax."

Applying this rule to the situation herein, I find that the contention of the executors should be sustained. The appeal is therefore dismissed, and the order fixing tax affirmed. Settle order on notice.